LATHAM & WATKINS LLP
　Christopher S. Yates (Cal. Bar No. 161273)
　 *chris.yates@lw.com*
　Belinda S. Lee (Cal. Bar No. 199635)
　 *belinda.lee@lw.com*
　Aaron T. Chiu (Cal. Bar No. 287788)
　 *aaron.chiu@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

LATHAM & WATKINS LLP
　Sean M. Berkowitz (*pro hac vice*)
　 *sean.berkowitz@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: +1.312.876.7700

*Attorneys for Defendants Broadcom Inc., Broadcom Corporation and Avago Technologies International Sales Pte. Limited*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. | CASE NO. 3:24-cv-03959-LB |
| Plaintiff, | **DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR MOTION TO DISMISS AND SUPPORTING EXHIBITS** |
| v. | |
| BROADCOM INC., BROADCOM CORPORATION, AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED, | |
| Defendants. | |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendants Broadcom, Inc., Broadcom Corporation and Avago Technologies International Sales Pte. Limited (collectively, "Broadcom") respectfully submit this Administrative Motion to File Under Seal. Broadcom submits this Motion, along with the supporting Declaration of Philip Blum ("Blum Declaration"), to file under seal portions of its Motion to Dismiss Plaintiff Samsung Electronics Co., Ltd.'s Complaint ("Motion to Dismiss") and two supporting exhibits because these materials contain certain competitively sensitive, highly confidential information. Public release of the information contained in these materials would create a real and immediate risk of competitive harm to Broadcom by providing its competitors as well as negotiating counterparties an unfair advantage in understanding Broadcom's negotiating positions. Broadcom therefore respectfully requests that the Court enter an order to seal the information described below.

## II. LEGAL STANDARD

"[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-02885, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P. 26(c)(1)(G)). Where the information sought to be sealed is attached to dispositive motions or otherwise more than "tangentially related" to the merits of a case, the presumption favors public access, and there must be "compelling reasons" to seal the information at issue. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Documents filed in relation to a motion to dismiss need to have "compelling reasons" for sealing. *Nicolosi Distributing, Inc. v. Finishmaster, Inc.*, No. 18-cv-03587-BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018).

Compelling reasons that justify sealing exist where disclosure of "business information . . . might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Doe v. Meta Platforms, Inc.*, No. 22-cv-03580, 2022 WL 17970394, at *2 (N.D. Cal. Dec. 21, 2022) ("The disclosure of business information that could create competitive harm is a compelling reason to seal.") (collecting cases). Courts in this District and in the Ninth

Circuit have consistently permitted sealing of competitively sensitive information such as the kinds of contracts and contract terms at issue here. *See, e.g., Nicolosi*, 2018 WL 10758114, at *2 (finding compelling reasons to seal three contracts because they contain "potential trade secrets and business practices, such as product rates and purchase requirements," and "if these contracts are publicly available, competitors could use the information included therein to undercut [movant] on the market."); *Pace Anti-Piracy, Inc. v. Inside Secure*, No. 17-cv-06744, 2018 WL 10517182, at *2–3 (N.D. Cal. Jan. 8, 2018) (finding compelling reasons to seal license agreement underlying the dispute, which contains "commercially sensitive and confidential information" regarding the "structure and amount" of various royalty, licensing, evaluation, subscription, maintenance, engineering, and other fees); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding that under *Kamakana* and *Nixon*, district court erred as a matter of law by concluding that movant failed to meet the compelling reasons standard, because "pricing terms, royalty rates, and guaranteed minimum payment terms" in licensing agreement "give[] [movant] an opportunity to obtain an advantage over competitors who do not know or use it" and therefore constitute trade secrets).

### III. BROADCOM HAS COMPELLING REASONS FOR SEALING

#### A. Broadcom Has a Strong Interest in Sealing

Broadcom respectfully requests that the Court seal portions of its Motion to Dismiss and supporting exhibits, because these documents contain Broadcom's non-public, highly confidential business information reflecting the contractual terms it has entered into. Exhibit A is a Strategic Agreement between Samsung and Broadcom, which contains numerous highly confidential, specifically negotiated business terms, including those that affect pricing, proprietary technical support, commitments with respect to intellectual property transfer, and other terms relating to the supply of certain components produced by Broadcom. *See* Declaration of Philip Blum ("Blum Decl.") ¶ 4. The terms of the Strategic Agreement itself are protected by an NDA between Samsung and Broadcom. *Id.* Exhibit B is the Termination Agreement executed by Samsung and Broadcom, which is also a negotiated agreement between the parties. *Id.* ¶ 5. Certain portions of Broadcom's Motion to Dismiss discuss and quote the highly confidential and proprietary terms of

both the Strategic Agreement and Termination Agreement.

### B.   Broadcom Would Suffer Irreparable Injury from Public Disclosure

Broadcom and its customers and counterparties (such as Samsung) maintain the details of their business relationships and contracts in the strictest confidence and would be harmed by public disclosure of this information, particularly to competitors and to future counterparties such as customers and suppliers. *Id*. ¶ 6. Competitors could use the disclosure of pricing or other terms to try to negotiate deals that would undercut Broadcom's agreements, and place Broadcom at significant competitive disadvantages relative to its competitors when negotiating future deals and agreements. *Id*. Future counterparties could gain a negotiating advantage by identifying the baseline terms that they believe Broadcom might be open to in the future, and cause Broadcom significant harm such as lower profitability. *Id*. Competitors and future counterparties would gain insight into Broadcom's closely-guarded business strategies and competitive decision making and be armed with the strategies Broadcom uses to maintain and enhance its competitive standing and could change their own business practices in response, which would threaten Broadcom's competitive position in the marketplace. *Id*. Sealing such information subject to an NDA "prevent[s] competitors from gaining insight into the parties' business model and strategy." *See In re Qualcomm Litig.*, No. 17-cv-00108, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).

### C.   Broadcom Has No Less Restrictive Alternatives

Broadcom has endeavored to be as narrow as possible with its requests for sealing, including only those portions of the Motion to Dismiss that discuss in any detail the Strategic Agreement and the Termination Agreement. As set forth below, the limited sealing that Broadcom requests is narrowly tailored to encompass only the specific portions of, and exhibits to, the Motion to Dismiss that legitimately qualify as Broadcom's highly confidential and proprietary business information, while preserving the substance of Broadcom's Motion to Dismiss arguments for the public record. *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (finding limited sealing in relation to a motion to dismiss "do[es] not impede upon the public' ability to understand the nature of the proceedings and the factual basis for the parties' claim"). The terms of the Strategic Agreement and Termination Agreement are some of the most commercially sensitive information

Broadcom maintains, such that there are no less restrictive alternatives available to protect the information that Broadcom seeks to file under seal. Blum Decl. ¶ 6. Broadcom therefore asks the Court to seal this non-public, competitively sensitive information as disclosed in the chart below:

| Document | Portion(s) to Seal | Basis for Sealing |
|---|---|---|
| Broadcom's Motion to Dismiss Plaintiff's Complaint | Highlighted portions at 1:5, 5:8–9, 5:23–25, 5:26, 5:27, 5:28, 6:1, 6:2–3, 6:4–5, 6:8–11, 6:13–23, 6:24, 14:28, 15:1–2, 16:9–12, 18:24–28, 19:1–4, 23:8–13, 23:14–15. | Blum Decl. ¶¶ 4–6. |
| **Exhibit A** to the Declaration of Aaron T. Chiu in support of Broadcom's Motion to Dismiss | Entirety | Blum Decl. ¶¶ 4, 6. |
| **Exhibit B** to the Declaration of Aaron T. Chiu in support of Broadcom's Motion to Dismiss | Entirety | Blum Decl. ¶¶ 5, 6. |

## IV. CONCLUSION

For the foregoing reasons, Broadcom respectfully requests that the Court seal the identified information.

Dated: August 28, 2024                    LATHAM & WATKINS LLP

                                          By:   */s/* Christopher S. Yates
                                                Christopher S. Yates

                                          *Attorneys for Defendants Broadcom Inc., Broadcom Corporation and Avago Technologies International Sales Pte. Limited*