1  LATHAM & WATKINS LLP
       Christopher S. Yates (Cal. Bar No. 161273)
2       *chris.yates@lw.com*
       Belinda S. Lee (Cal. Bar No. 199635)
3       *belinda.lee@lw.com*
       Aaron T. Chiu (Cal. Bar No. 287788)
4       *aaron.chiu@lw.com*
   505 Montgomery Street, Suite 2000
5  San Francisco, California 94111-6538
   Telephone: +1.415.391.0600
6  Fax: +1.415.395.8095

7  LATHAM & WATKINS LLP
       Sean M. Berkowitz (*pro hac vice*)
8       *sean.berkowitz@lw.com*
   330 North Wabash Avenue, Suite 2800
9  Chicago, Illinois 60611
   Telephone: +1.312.876.7700
10 Fax: +1.312.993.9767

11 *Attorneys for Defendants Broadcom Inc., Broadcom Corporation and Avago Technologies International*
12 *Sales Pte. Limited*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>BROADCOM INC., BROADCOM CORPORATION, AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED,<br><br>Defendants. | CASE NO. 3:24-cv-03959-LB<br><br>**DECLARATION OF PHILIP BLUM IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR MOTION TO DISMISS AND SUPPORTING EXHIBITS** |

I, Philip L. Blum, declare as follows:

1. I am an attorney and Deputy General Counsel of Broadcom Inc.

2. I have sufficient personal knowledge of the facts set forth herein that if called as a witness I could and would testify competently to those facts under oath. In making this declaration, I expressly reserve all attorney-client and work product privileges and protections.

3. I make this declaration pursuant to Civil Local Rule 79-5 in support of Defendants' Administrative Motion to File Under Seal Portions of Their Motion to Dismiss and Supporting Exhibits.

4. **Exhibit 1** filed in support of Defendants' Motion to Dismiss is the Strategic Agreement entered into between Samsung Electronics Co., Ltd. ("Samsung") and Broadcom Corporation and Avago Technologies International Sales, Pte, Ltd., (collectively, "Broadcom") relating to the supply of certain components by Broadcom to Samsung. This agreement contains numerous highly confidential, specifically negotiated business terms, including those affecting pricing, proprietary technical support, commitments with respect to intellectual property, and others relating to Broadcom's supply of components to Samsung. Broadcom views these sorts of agreements and their terms as highly confidential, proprietary business information and routinely seeks to keep them shielded from public disclosure. Indeed, an NDA between Broadcom and Samsung governed the Strategic Agreement.

5. **Exhibit 2** filed in support of Defendants' Motion to Dismiss is the Termination Agreement entered into between Samsung and Broadcom. This is also a negotiated, confidential business agreement between the parties.

6. Broadcom and its counterparties maintain the details of their business relationships and contracts in the strictest confidence and Broadcom would be harmed by public disclosure of this information, particularly to competitors and to future counterparties such as customers and suppliers. Competitors could use disclosure of pricing or other terms to try to negotiate deals that would undercut Broadcom's and its counterparties' agreements, and place Broadcom at a significant competitive disadvantage when negotiating future deals. Future counterparties could gain a negotiation advantage by identifying the baseline terms that they believe Broadcom might

be open to in the future, and cause Broadcom significant harm such as lower profitability. Competitors and future counterparties would gain insight into Broadcom's closely-guarded business strategies and competitive decision making and be armed with the strategies Broadcom uses to maintain and enhance its competitive standing and could change their own business practices in response, which would threaten Broadcom's competitive position in the marketplace. The terms of the Strategic Agreement and Termination Agreement are some of the most commercially sensitive information Broadcom maintains, such that there are no less restrictive alternatives available to protect the information that Broadcom seeks to file under seal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2024, in Melville, New York.

Philip Blum